[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14692
Non-Argument Calendar

_____

D. C. Docket No. 04-00238-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDI ALONZO TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 5, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Fredi Alonzo Torres appeals his sentence for conspiracy to possess, and

possession with the intent to distribute cocaine, 21 U.S.C. §§ 841, 960(b)(1)(B)(ii); 46 U.S.C. §§ 70506, 70508. Torres argues that he should have received a four-level downward departure because he was a minimal participant in the offense. *See* U.S.S.G. § 3B1.2(a). Torres claims that three other individuals on the boat were designated leaders in the offense. Further, Torres was amongst the least culpable of those involved in the offense, and he had no knowledge or understanding of the scope of the drug importation enterprise. Alternatively, Torres argues that he should have received a two or three-level reduction because he was clearly less culpable than most other participants. *See* U.S.S.G. § 3B1.2(b). Torres also contends that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

## I. Minor or Minimal Role Reduction[1]

We have held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error. *United States v. De*

---

[1]As a preliminary matter, Torres cursorily raises the argument that his counsel did not adequately argue for a minor role reduction. Torres's counsel argued for a minor role reduction, but also stated that he was aware of the law in our Circuit. Torres provides no further reasoning behind this contention and does not cite to any authority. Therefore, Torres effectively abandons his argument that his trial counsel was inadequate. *See Doe v. Moore*, 410 F.3d 1337, 1349 n.10 (11th Cir.) (refusing to consider an issue not raised sufficiently in the initial brief), *cert den.,* 126 S. Ct. 624 (2005). Even if he has not, we decline to reach the issue. We do not generally consider ineffective assistance of counsel claims on direct appeal because the record is typically insufficiently developed. *See Massaro v. United States*, 538 U.S. 500, 505-506, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).

*Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by four levels if a defendant was a "minimal participant," U.S.S.G § 3B1.2(a), or two levels if it finds that the defendant was a "minor participant" in the criminal activity. *Id.* § 3B1.2(b). Defendants are minimal participants if they are "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, cmt. n.4. A defendant is a minor participant if he is "less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, cmt. n.5. In determining whether a mitigating-role reduction is warranted, a district court should: "[f]irst, and most importantly . . . measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." *De Varon*, 175 F.3d at 945. We have recognized that this prong of the analysis will, in many cases, be dispositive. *Id.* Second, the district court may measure the defendant's role against the other participants involved in that relevant conduct. *Id.* A conspiracy can exist where there are no minor participants, and the defendant must prove he was less culpable than most other participants. *Id.* at 944. The amount of drugs imported is a material consideration in assessing a

3

defendant's role in his relevant conduct, and may be dispositive in the extreme case. *Id.* at 943.

Upon review of the briefs and the record, we find that the district court did not clearly err in determining that Torres was not entitled to a minimal or minor role reduction. Torres's conduct in the offense is identical to the relevant conduct attributed to him, specifically, serving as one of five crew members on board a boat smuggling 3,731 kilograms of illegal drugs. Torres's role was integral to the smuggling operation's success because he helped either to create or load the secret compartment storing the cocaine. While Torres argues that he did not have knowledge of the scope of the enterprise, he was fully aware that the purpose of the trip was to transport and eventually distribute cocaine. The large quantity of drugs on board the boat further supports the district court's determination that Torres was not a minor participant. Lastly, even though Torres, as a crew member, may have played a smaller role relative to the boat's captain, navigator, or engineer, his role was still not minor when measured against the relevant conduct of the offense or the conduct of most other participants in the offense. Accordingly, we affirm the district court's decision not to grant a minor or minimal role reduction under U.S.S.G. § 3B.1.

## II. Reasonableness

4

Torres further argues that his sentence was unreasonable. Torres claims that he did not have a criminal history, and the district court did not need to consider protecting the public because he will be deported after serving his prison term. Torres argues that the district court plainly erred by sentencing Torres to more than 9-years' imprisonment.

We review *post-Booker* sentences for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). When a defendant fails to object to an error before the district court, we review for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 196 (2005). Under a plain-error analysis, the defendant must establish (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005).

Under *Booker*, a sentencing court is still obligated to calculate a defendant's guidelines range correctly. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). The decision in *Booker*, 543 U.S. at 261, 125 S. Ct. at 765-766, mandated that courts review sentences for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

5

(2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

A party challenging a sentence must bear the burden of establishing unreasonableness in light of the 18 U.S.C. § 3553(a) factors and the record established below. *Talley*, 431 F.3d at 788. Although a guidelines-range sentence is not *per se* reasonable, we expect a sentence within the guidelines to be reasonable. *Id.* at 787-788. Additionally, in reviewing such sentences, we do not apply the reasonableness standard to each individual decision made during the sentencing process, but rather we review the entirety of the final sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam).

Upon review of the record and the parties' briefs, we find no reversible error. As a preliminary matter, Torres did not object to the reasonableness of his

sentence before the district court—other than to object to the denial of a minor-role adjustment—but we need not decide what standard of review applies because Torres's arguments fail under either the plain error or reasonableness standard of review.

Torres's sentence was reasonable. The district court adopted the probation officer's guidelines calculations, which were correct. The district court then considered the § 3553(a) factors and determined that a low-end-of-the-guidelines sentence was sufficient but not greater than necessary to meet the statutory purposes of sentencing. The district court also considered the need to provide Torres with educational and vocational training by placing him in programs for both. Torres's sentence was reasonable. Accordingly, we affirm.

**AFFIRMED.**